IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 12-0211 RMW (PR) |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| EDMUND G. BROWN, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive and declaratory relief for alleged civil rights violations. Plaintiff has also filed an application for leave to proceed in forma pauperis ("IFP") (dkt. nos. 2, 8), two motions for the Chief Judge of the Northern District to remove the undersigned judge from this action (dkt. nos. 7, 11), two motions for clarification of record and compliance to legislative demands (dkt. nos. 10, 13), a motion for findings and conclusions (dkt. no. 19), and a variety of other communications.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

1  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
2  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
3      For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails
4  to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil
5  Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that
6  is "of little weight or importance: having no basis in law or fact," and the word "malicious"
7  refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d
8  1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories
9  can be counted as strikes for section 1915(g) purposes. See id. Dismissal of an action under
10 section 1915(g) should only occur when, "after careful evaluation of the order dismissing an
11 [earlier] action, and other relevant information, the district court determines that the action was
12 dismissed because it was frivolous, malicious or failed to state a claim." Id.
13     Andrews requires that the prisoner be given notice of the potential applicability of section
14 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
15 ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. Id.
16 Andrews implicitly allows the court to raise the section 1915(g) problem sua sponte, but requires
17 the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g)
18 dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the
19 action. See id. at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed
20 with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays
21 the full filing fee at the outset of the action.
22     A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has
23 had three such cases dismissed on the ground that they were frivolous, malicious, or failed to
24 state a claim upon which relief may be granted. Plaintiff is now given notice that the court
25 believes the following federal district court dismissals may be counted as dismissals for purposes
26 of section 1915(g): (1) Shove v. United States District Court Judges, No. C 09-2316-UNA (D.
27 D.C. Jan. 25, 2010) (dismissed under Heck v. Humphrey, 512 U.S. 477 (1994)); Shove v.
28 Schwarzenegger, No. C 09-0656 RMW (PR) (N.D. Cal. June 3, 2009) (dismissed under Heck,

1  and <u>Younger v. Harris</u>, 401 U.S. 37 (1971)); and (3) <u>Shove v. Stewart</u>, No. C 98-439 RGS-VAM
2  (D. Ariz. May 1, 1998) (dismissed under 28 U.S.C. § 1915A(b)(1)).  In addition, the following
3  Ninth Circuit Court of Appeals dismissal may be counted as dismissal under section 1915(g):
4  (1) <u>In re Theodore C. Shove</u>, No. 96-80069 (9th Cir. Jan. 21, 2010) ("Because the appeal is so
5  insubstantial as to not warrant further review, it shall not be permitted to proceed.").

6       In light of these dismissals, and because plaintiff does not appear to be under imminent
7  danger of serious physical injury, <u>see</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir.
8  2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from
9  the date of this order why his motion for leave to proceed IFP should not be denied and this
10 action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If plaintiff is so inclined, he
11 may avoid dismissal by paying the $350.00 filing fee.  In any event, the court will continue to
12 review under section 1915(g) all future actions filed by plaintiff while he is incarcerated in
13 which he seeks IFP status.

14      <u>Failure to file a timely response or failure to pay the full filing fee in will result in the</u>
15 <u>dismissal of this action without further notice to plaintiff.</u>

16      IT IS SO ORDERED.
17 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
18 United States District Judge

Order To Show Cause
G:\PRO-SE\SJ.Rmw\CR.12\Shove211osc1915.wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THEODORE SHOVE et al,

        Plaintiff,

  v.

EDMUND G. BROWN et al,

        Defendant.

Case Number: CV12-00211 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: July 11, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk