IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE, ) | No. C 12-0211 RMW (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| EDMUND G. BROWN, et al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive and declaratory relief for alleged civil rights violations. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

On July 11, 2012, in its order to show cause, the court found that plaintiff had on at least three "prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found that plaintiff did not appear to be "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the court ordered plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). On July 23, 2012, plaintiff filed his response.

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.12\Shove211dis1915g.wpd

1    The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides
2 that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if
3 the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
4 brought an action or appeal in a court of the United States that was dismissed on the grounds that
5 it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
6 prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase
7 "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the
8 language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)." Andrews, 398 F.3d at 1121. A
9 case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having
10 no basis in law or fact." Id. (internal quotation and citation omitted). Further, because § 1915(g)
11 is a procedural rule that does not raise retroactivity concerns, cases dismissed before the
12 effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." See Tierney v.
13 Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

14    Most of plaintiff's response focuses on his arguments presented in his original complaint.
15 Plaintiff also continues to assert that the undersigned judge should be disqualified from deciding
16 this case. However, absent a legitimate reason to recuse himself or herself, a judge has a duty to
17 sit in judgment in all cases assigned to that judge. United States v. Holland, 519 F.3d 909, 912
18 (9th Cir. 2008). 28 U.S.C. § 455 requires disqualification where the judge: (a) has a personal
19 bias or prejudice against a party, 28 U.S.C. § 455(b)(1); (b) has personal knowledge of disputed
20 evidentiary facts, id.; (c) either before or after becoming a judge was related to or connected with
21 the case, the parties or their attorneys, 28 U.S.C. § 455(b)(2) & (3); or (d) the judge or a relative
22 has a financial interest in the subject matter in controversy or a party to the proceeding or any
23 interest that would be substantially affected by the outcome of the proceedings, 28 U.S.C. §
24 455(b)(4). A federal judge shall also disqualify him or herself when he or his spouse, or a person
25 within the third degree of relationship to either of them, "is a party to the proceeding." 28
26 U.S.C. § 455(b)(5)(i).

27    Plaintiff's dissatisfaction with the undersigned judge appears to be directed at the adverse
28 rulings against Plaintiff. However, it is well-established that actions taken by a judge during the

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.12\Shove211dis1915g.wpd        2

normal course of the proceedings are not proper grounds for disqualification.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal).  Plaintiff has not satisfied his substantial burden of demonstrating that a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, No. 10-50500, 2012 WL 3553476, at *8 (9th Cir. Aug. 20, 2012).

      Relevant to the order to show cause, plaintiff argues that two of the four dismissals listed in the order were not "frivolous":  (1) Shove v. United States District Court Judges, No. C 09-2316-UNA (D.D.C. Jan. 25, 2010) (dismissed under Heck v. Humphrey, 512 U.S. 477 (1994)); and (2) Shove v. Schwarzenegger, No. C 09-0656 RMW (PR) (N.D. Cal. June 3, 2009) (dismissed under Heck, and Younger v. Harris, 401 U.S. 37 (1971)).  However, dismissals pursuant to Heck count as § 1915(g) strikes because they fail to state a claim.  See Johnson v. Fritz, No. C 10-01673 EJD, 2011 WL 4830940, at *3 (N.D. Cal. Oct. 12, 2011); Hamilton, v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim.").  Further, abstention under Younger qualifies as "strike" under section 1915(g) because "relief" cannot be "granted" on federal claims that would disrupt an ongoing state proceeding.  Morris v. Woodford, No. 07-4198 MJJ, 2008 WL 906560, at * 2 (N.D. Cal. April 2, 2008).  Consequently, the court finds that the dismissals in case numbers C 09-2316-UNA and C 09-0656 RMW (PR) qualify as "strikes" under § 1915(g).

      Regarding Shove v. Stewart, No. C 98-439 RGS-VAM (D. Ariz. May 1, 1998) (dismissed under 28 U.S.C. § 1915A(b)(1)[1]), plaintiff states that he is not aware of the case and

---

[1] Section 1915(A)(b)(1) states "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.12\Shove211dis1915g.wpd    3

1 does not believe that he was a party in that action. It is plaintiff's burden to demonstrate why
2 this prior dismissal should not count as a strike. Andrews, 398 F.3d at 1120. However, plaintiff
3 has provided no documentary evidence to support his assertion.

4     Nonetheless, even assuming that Shove v. Stewart, No. C 98-439 RGS-VAM, does not
5 count as a strike against plaintiff, the fourth dismissal the court listed in its order to show cause
6 was In re Theodore C. Shove, No. 96-80069 (9th Cir. Jan. 21, 2010) ("Because the appeal is so
7 insubstantial as to not warrant further review, it shall not be permitted to proceed."). In
8 addressing this dismissal, plaintiff merely claims that the undersigned judge "barred review" for
9 appeal. Plaintiff's conclusory statement without any explanation of why this dismissal should
10 not count as a strike is unpersuasive. This appeal was from the dismissal of Shove v.
11 Schwarzenegger, No. C 09-0656 RMW, listed above. It is well-settled that the court may count
12 as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v.
13 Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and
14 three frivolous appeals before being barred by § 1915(g)); see also Adepegba v. Hammons, 103
15 F.3d 383, 388 (5th Cir. 1996) (two strikes may be counted where the district court dismisses a
16 case as frivolous and the appellate court dismisses the appeal therefrom as frivolous).
17 Consequently, the dismissal of this appeal also qualifies as a strike under § 1915(g).

18     Lastly, plaintiff makes no assertion, and the allegations in the complaint do not
19 demonstrate, that he is not under "imminent danger of serious physical injury" within the
20 meaning of § 1915(g).

21     In sum, plaintiff was given the opportunity to be heard on the question of whether the
22 instant action is subject to dismissal under § 1915(g), see Andrews, 398 F.3d at 1120-21, and his
23 responses to the court's order to show cause fail to establish that § 1915(g) does not apply.

24     Accordingly, the application to proceed in forma pauperis is DENIED, and the above-
25 titled action is hereby DISMISSED without prejudice to plaintiff's refiling his claims in a new
26 case in which plaintiff pays the filing fee.

27     The clerk shall terminate all pending motions and close the file.

28

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.12\Shove211dis1915g.wpd     4

1  IT IS SO ORDERED.
2  DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
3  United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.12\Shove211dis1915g.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE et al, | Case Number: CV12-00211 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| EDMUND G. BROWN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: September 24, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk