IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 12-0211 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER UPON REMAND; |
| | ) | ORDER OF DISMISSAL |
| v. | ) | WITH LEAVE TO AMEND; |
| | ) | ADDRESSING PENDING |
| EDMUND G. BROWN, et al., | ) | MOTIONS |
| | ) | |
| Defendants. | ) | (Docket Nos. 36, 38, 41) |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive and declaratory relief for alleged civil rights violations. After the court dismissed this action under 28 U.S.C. § 1915(g), the Ninth Circuit reversed and remanded for further proceedings. Plaintiff's motion to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**BACKGROUND**

In a lengthy complaint, plaintiff complains that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate. He contends that the complaint addresses only the unlawful process and that his conviction is not at issue.

Although the complaint is approximately 50 pages in length, there are very few facts in it

relating to plaintiff's specific situation. The complaint appears to be an original or photocopied "form" complaint, which has also been filed by other death row inmates (with few minor differences). Indeed, the almost-identical complaint has been filed by at least five death row inmates in addition to plaintiff. See Dewey Joe Duff v. Brown, N.D. Cal. Case No. C 12-529 EMC (pending); Paul Bolin v. Brown, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of California, who ultimately dismissed complaint under Younger and Heck, and for failure to state a claim); Richard Vieira v. Brown, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (same); Carlos Avena v. Brown, C. D. Cal. Case No. 12-cv-00485-UA-DUTY (denying in forma pauperis application because application was incomplete and the judicial officers had immunity from the suit); Spencer Brasure v. Brown, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying in forma pauperis application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant who was immune from such relief).

The complaint seeks declaratory, injunctive and monetary relief. With regard to the requests for declaratory and injunctive relief, the complaint states: "The Relief should be Forthwith as to Declaratory of which is established by Law Clearly Defining Rights to be discovered or wrongs to be avoided. [¶] Injunctive Relief can be Crafter as This Honorable Court deems appropriate to Reestablish Compliance to the Constitution, Laws and Treaties of the United states of America as Demanded by Legislative Intent." (Compl. at 50.) (Errors, emphasis, and capitalization in source).

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged deprivation was committed by a person acting under the color of state law. West v.
5 Atkins, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7     The complaint has numerous defects and must be dismissed. First, the complaint is a
8 discussion of theories and legal concepts rather than a statement of claim(s) against defendants.
9 Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim
10 showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement
11 need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which
12 it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation marks
13 omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's
14 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
15 conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
16 Factual allegations must be enough to raise a right to relief above the speculative level." Bell
17 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must
18 proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In his
19 amended complaint, plaintiff must allege a short and plain statement of each claim for relief he
20 wishes to assert.

21     Second, the declaratory and injunctive relief requests in the complaint are not
22 understandable. Plaintiff must allege with more clarity the specific injunctive and declaratory
23 relief he requests. If the court does not understand the relief requested in the amended
24 complaint, the relief requested will be dismissed.

25     Third, the complaint does not link any defendant to a legal claim. In his amended
26 complaint, plaintiff must be careful to allege facts showing the basis for liability for each
27 defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should
28 identify each involved defendant by name and link each of them to his claim by explaining what

1  each involved defendant did or failed to do that caused a violation of his rights. See Leer v.
2  Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat
3  superior liability under Section 1983, i.e. no liability under the theory that one is responsible for
4  the actions or omissions of an employee. Liability under Section 1983 arises only upon a
5  showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th
6  Cir. 1989).

7　　　　Fourth, plaintiff cannot assert claims relating to any alleged violation of the rights of any
8  other inmate. All the allegations about problems that other inmates have experienced in their
9  court cases or on death row are dismissed without leave to amend because plaintiff has no
10 standing to complain about problems experienced by another inmate. "[A] litigant appearing in
11 propria persona has no authority to represent anyone other than himself." Russell v. United
12 States, 308 F.2d 78, 79 (9th Cir. 1962).

13　　　　Fifth, plaintiff cannot assert claims for violations of federal criminal law. As a private
14 party, plaintiff has no standing to prosecute a criminal action and has no protected interest in the
15 prosecution of another. See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private
16 citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another");
17 Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no
18 standing to have lawyer disciplined or criminally charged); Sattler v. Johnson, 857 F.2d 224, 227
19 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally
20 prosecuted).

21　　　　Sixth, to the extent plaintiff alleges that previous rulings of federal courts were made in
22 errors, those claims are not cognizable in this court. In order to seek redress under § 1983, a
23 plaintiff must assert the violation of a federal "right," not merely the violation of federal "law."
24 See Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989). To state a claim, a
25 plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that
26 have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976).

27　　　　The amended complaint should state the claims for relief with clarity. The rambling,
28 argumentative complaint fails to satisfy some of the basic purposes of a complaint: framing the

Order Upon Remand; Order of Dismissal with Leave to Amend; Addressing Pending Motions
G:\PRO-SE\SJ.Rmw\CR.12\Shove211reodwla.wpd     4

1  dispute and giving the defendants and court notice of the claims upon which relief is sought.
2  The abundant citations and legal arguments are unnecessary and misplaced, as the complaint is
3  more about telling the reader what the plaintiff's claims are rather than why he should win. The
4  amended complaint need not be long. In fact, a brief and clear statement with regard to each
5  claim listing each defendant's actions regarding that claim is preferable. Accordingly, the
6  complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty
7  days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

C. <u>Miscellaneous motions</u>

Plaintiff's motion to supplement the original complaint with his appellate brief is DENIED as unnecessary. Plaintiff is direct to file an amended complaint conforming to correcting the deficiencies described above.

Plaintiff's motion for formal hearing for damages and motion for telephonic hearing are DENIED. Plaintiff believes that a formal hearing for damages or a telephonic hearing is necessary to determine whether the undersigned has committed a crime and/or caused damage to plaintiff relating to the prosecution of this action. 28 U.S.C. § 455 provides grounds for disqualification of a federal judge, but does not specify the procedure used and is self-enforcing on the part of the judge. It requires a judge to disqualify himself in any proceeding in which her impartiality might reasonably be questioned. <u>See</u> 28 U.S.C. § 455(a). Section 455 has no provision for referral to another judge; rather, the judge at whom the motion is directed must determine whether bias or prejudice is shown. <u>See</u> <u>United States v. Sibla</u>, 624 F.2d at 868. Plaintiff has not pointed to any credible evidence to support an allegation that the undersigned is not impartial, or that the undersigned has a plausible personal bias or prejudice. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994) (recognizing that judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's motion to supplement the complaint is DENIED. Plaintiff's motion for

1  formal hearing for damages is DENIED.  Plaintiff's motion for telephonic hearing is DENIED.
2  Plaintiff's complaint is DISMISSED with leave to amend.

3        2.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
4  this order is filed.  The amended complaint must include the caption and civil case number used
5  in this order (C 12-0211 RMW (PR)) and the words AMENDED COMPLAINT on the first
6  page.  The amended complaint must indicate which specific, named defendant(s) was involved in
7  each cause of action, what each defendant did, what effect this had on plaintiff and what right
8  plaintiff alleges was violated.  Plaintiff may not incorporate material from the prior complaint by
9  reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not
10 merely conclusions of law - that demonstrate that he is entitled to relief under the applicable
11 federal statutes.  **Failure to file an amended complaint within thirty days and in accordance**
12 **with this order will result in a finding that further leave to amend would be futile and this**
13 **action will be dismissed.**

14       3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
15 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
16 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
17 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
18 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

19       4.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
20 court informed of any change of address by filing a separate paper with the clerk headed "Notice
21 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
22 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
23 of Civil Procedure 41(b).

24       IT IS SO ORDERED.
25 DATED: _____         *Ronald M. Whyte*
                                RONALD M. WHYTE
26                              United States District Judge
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE et al, | Case Number: CV12-00211 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| EDMUND G. BROWN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
4EB117
San Quentin, CA 94974

Dated: May 13, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk