IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 12-0211 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| EDMUND G. BROWN, et al., | ) | |
| Defendants. | ) | |

Plaintiff, an inmate on death row at San Quentin State Prison, filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983 complaining about various problems, including California's slow process for reviewing capital convictions and sentences. The court dismissed this action pursuant to 28 U.S.C. § 1915(g). Thereafter, the Ninth Circuit reversed and remanded the case. As a result, this court re-opened plaintiff's action and screened plaintiff's complaint. The court identified various deficiencies in plaintiff's complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the court for review.

**DISCUSSION**

A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claims

The amended complaint failed to correct most of the deficiencies about which the court previously warned plaintiff. First, plaintiff ignored the instruction to link each defendant to his legal claim(s). The amended complaint simply lists numerous defendants at the outset and makes no effort to connect any particular defendant to a claim for relief. This is no small matter, as the amended complaint has thousands of defendants, all sued in their individual and official capacities: three Governors of the State of California; all the current and three former Justices of the California Supreme Court; the State of California; 50 Doe state judges; 100 Does from the Commission of Judicial Performance; 100 Does of the California Appellate Project; 100 Does of the California State Bar; all "certified attorneys" who represent capital defendants; California Attorney General Kamala Harris; 10,000 Does of California prosecutors; the undersigned judge; District Court Judge Manuel Real; and United States Attorney Eric Holder; and "ANY and ALL U.S. Judges Who were presented with a Complaint Raising the Issues at Bar Who Created ORDERS Absent of Referrals to U.S. Attorney and or U.S. Department of Justice, and/or ANY Corrective Forum in Compliance to Defendants of United States Constitution, Statutory Laws as Demanded by Invoked Duty." (Am. Compl. at 4) (random capitalization in original).

Second, plaintiff ignored the instruction to present specific injunctive and declaratory relief requests. Most of the "relief" section of the amended complaint is a tangle of legal jargon that could not be the basis for any injunction or declaratory relief. Notably, plaintiff does not request that this court order the state court to decide his appeal immediately. Even assuming such relief could be granted, the court will not assume that a plaintiff wants relief that he has not chosen to request. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition"); but cf. id. at 1158 n.3 ("We express no view on the merits of

1  such a § 1983 claim or on what relief, if any, might be available if the claim were pleaded in the
2  proper place and at the proper time"). It is particularly inappropriate to assume such a relief
3  request where, as in the case of a death row inmate, a quick decision in state court might mean
4  that he moves more rapidly toward the ultimate penalty. Without any sufficient relief requests,
5  the failure to link defendants becomes an even greater problem because the court cannot
6  determine the appropriate defendant(s) among the thousands mentioned without knowing what
7  relief the plaintiff wants against whom.

8  Third, plaintiff failed to allege a short and plain statement of each claim for relief he
9  wishes to assert. His amended complaint is a mishmash of ideas that fails to provide a sufficient
10 description of any claim for relief or specify a constitutional right that has been violated. He
11 alleges the reversal rate in the California courts is too low while the affirmance rate for capital
12 cases is high. That is, the amended complaint urges that former Governor Deukmejian caused
13 Rose Bird and three other justices to be removed in 1987 and replaced with different judges over
14 the next several years, and that the affirmance rate in death penalty cases has increased
15 dramatically. He also alleges that the state's process for reviewing capital convictions by
16 threatening state judges with removal if they do not affirm the convictions perpetrates a fraud
17 upon the United States. Specifically, plaintiff states that the state officers who support this
18 alleged unconstitutional process are violating federal criminal statutes. Even with liberal
19 construction, these allegations do not state a claim for a violation of plaintiff's rights to due
20 process, equal protection, or access to the courts.

21  Fourth, plaintiff again argues that "defendants" violated federal criminal law as well as
22 other statutory law. These allegations also fail. The court previously warned plaintiff that a
23 private party has no standing to prosecute a criminal action, and that in order to seek redress
24 under § 1983, a plaintiff must assert the violation of a federal "right," not merely the violation of
25 federal "law." See Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989).

26  The gist of plaintiff's amended complaint appears to be that, in California, the process for
27 reviewing state capital convictions takes too long, it is almost impossible to obtain a reversal,
28 and these factors demonstrate that government officials and agencies are defrauding the United

1  States by creating these unconstitutional policies. However, plaintiff has not alleged any specific
2  harm from the alleged delay. Moreover, plaintiff's failure to link any defendant to his claims
3  and failure to articulate any relief requested require that the amended complaint be dismissed.
4        Further leave to amend will not be granted because the court already has given plaintiff
5  an opportunity to correct the deficiencies in his pleading and he has been unable or unwilling to
6  correct them. There is no reason to believe that, having failed to correct the deficiencies, he
7  would be able to state a cognizable claim for relief on yet another try.
8        Alternatively, this court should abstain from hearing this action. Under principles of
9  comity and federalism, a federal court should not interfere with ongoing state criminal
10 proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See
11 Younger v. Harris, 401 U.S. 37, 43-54 (1971). The rationale of Younger applies throughout
12 appellate proceedings, requiring that state appellate review of a state court judgment be
13 exhausted before federal court intervention is permitted. See Dubinka v. Judges of the Superior
14 Court, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of
15 abstention decision, state court proceedings still considered pending). Requests for declaratory
16 relief that would interfere with ongoing state criminal proceedings are subject to the same
17 restrictions that govern requests for injunctive relief. See Pulliam v. Allen, 466 U.S. 522, 539
18 (1984); Samuels v. Mackell, 401 U.S. 66, 71-74 (1971).
19       Younger requires that federal courts refrain from enjoining or otherwise interfering with
20 ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings
21 are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has
22 the opportunity to raise his federal constitutional concerns in the ongoing proceedings.
23 Middlesex County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423, 432 (1982).
24       Here, all three prongs of the abstention test are met. First, the appeal is ongoing in the
25 California Supreme Court. Second, the appeal unquestionably involves important state interests.
26 See Massie v. Sumner, 624 F.2d 72 (9th Cir. 1980) (acknowledging California's interest in
27 ensuring the fairness of its capital convictions through the automatic appeal process); see also
28 Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal

justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing <u>Younger</u>, 401 U.S. at 44-45). Third, plaintiff can present his appellate delay claim to the California Supreme Court when it considers his appeal – California courts have previously considered appellate delay claims on their merits. See, e.g., <u>People v. Holt</u>, 15 Cal. 4th 619, 708-09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for automatic appeal violated due process); <u>People v. Horton</u>, 11 Cal.4th 1068, 1141 (Cal. 1995) (addressing claim that eight-year delay in certification of record on appeal violated due process), as modified on denial of rehearing, 12 Cal.4th 783.

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. See <u>Middlesex</u>, 457 U.S. at 437; <u>Kugler v. Helfant</u>, 421 U.S. 117, 124-25 (1975); <u>Younger</u>, 401 U.S. at 46. Here, plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. See generally <u>Younger</u>, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The <u>Younger</u> factors weigh strongly against interfering with the appeal process. <u>Younger</u> abstention is warranted. See <u>Juidice v. Vail</u>, 430 U.S. 327, 348 (1977).

## CONCLUSION

This action is dismissed because the amended complaint fails to state a claim against any particular defendant and fails to comply with the court's order to correct the deficiencies in the earlier pleadins. In the alternative, this action is dismissed because <u>Younger</u> abstention is warranted. The clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\RMW\CR.12\Shove211dis.wpd            5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE et al, | Case Number: CV12-00211 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| EDMUND G. BROWN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
4EB117
San Quentin, CA 94974

Dated: November 27, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk